UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



HOPEMAN BROTHERS, INC.,

    Plaintiff,

v.

    Civil No. 4:16cv187

CONTINENTAL CASUALTY COMPANY,
and
LEXINGTON INSURANCE COMPANY,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on a Motion to Enjoin the Second-Filed Action, filed by Plaintiff Hopeman Brothers, Inc. ("Hopeman"), ECF No. 12, as well as a Motion to Transfer Venue, ECF No. 14, and a Motion for Extension of Time to File Answer, ECF No. 17, both filed by Defendants Continental Casualty Company and Lexington Insurance Company (collectively "Continental and Lexington" or "Defendants"). For the reasons set forth below, the Court: (1) **DENIES** the Motion to Transfer Venue, (2) **GRANTS** the Motion to Enjoin Continental and Lexington from prosecuting the second-filed action, but **DENIES** the Motion to Enjoin the Second-Filed Action as it relates to the New York co-plaintiffs, and (3) **GRANTS** Defendant's Motion for Extension of Time to File Answer.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 27, 2016, Hopeman filed a complaint in this Court (the "Virginia action"), seeking "declaratory judgment and ancillary relief and for damages for breach of contract." Compl. ¶ 1, ECF No. 1. In the complaint, Hopeman "seeks a determination of the nature and scope of its rights under certain liability insurance policies issued by Defendants with respect to pending, past, and future asbestos-related bodily injury claims that have or will be asserted against Hopeman," together with "damages to recover the amounts it has paid as a result of Defendants' breach of the insurance contracts that they issued." Id. Hopeman alleges that venue is proper in this District "because both Defendants are subject to personal jurisdiction in this District and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District, including because a substantial portion of the underlying asbestos-related bodily injury claims against Hopeman were filed in the geographic area encompassed by this District." Id. ¶ 7; 28 U.S.C. § 1391. The complaint was served on Continental and Lexington on December 29, 2016. ECF No. 11.

On January 4, 2017, Continental and Lexington, along with several other insurers, filed a declaratory judgment action in the Supreme Court of the State of New York (the "New York

action") against Hopeman concerning the same policies that are at issue in the Virginia Federal Action. ECF No. 15, at 1. On January 18, 2017, Plaintiffs in the New York action filed an amended complaint, adding two additional plaintiffs. Id. at 1-2; see also N.Y. Am. Compl., ECF No. 10-1, Ex. A. On January 19, 2017, Defendants filed a motion to dismiss the Virginia action based upon the Colorado River abstention doctrine, ECF No. 8, and filed a motion to stay, as an alternative request to the motion to dismiss, ECF No. 9. On January 30, 2017, Hopeman removed the case to federal court in the Southern District of New York ("S.D.N.Y") and filed its answer. Continental Casualty Co. et al. v. Hopeman Brothers, Inc., No. 1:17-cv-00688 (S.D.N.Y.).

On February 1, 2017, Hopeman filed the pending motion to enjoin the second-filed New York action. ECF No. 12. On February 7, 2017, Defendants filed a motion to transfer the Virginia action to the S.D.N.Y so that this case could be consolidated with the second-filed New York action, ECF No. 14, and filed a motion requesting an extension of time to file responsive pleadings until after the Court has disposed of all motions affecting this Court's jurisdiction, venue, and the parties before the Court, ECF No. 17. On February 10, 2017, Hopeman opposed Defendant's request for an extension of time to file. ECF No. 21. On February 15, 2017, Defendants responded

3

to Hopeman's motion to enjoin the New York action, ECF No. 23, and filed a reply in support of their motion for extension of time, ECF No. 24. Hopeman filed a response opposing Defendant's motion to transfer on February 17, 2017, ECF No. 25, and filed a reply in support of their motion to enjoin on February 21, 2017, ECF No. 26. Defendants filed their reply to the motion to transfer on February 23, 2017, ECF No. 27, and withdrew their motion to dismiss and the alternative motion to stay on February 28, 2017. ECF No. 28. Thus, currently pending before the Court is Hopeman's Motion to Enjoin the Second-Filed Action, ECF No. 12, Defendants' Motion to Transfer Venue, ECF No. 14, and Defendants' Motion for Extension of Time to File Answer, ECF No. 17. Having been fully briefed, these matters are ripe for review.

## II. LEGAL STANDARD

Title 28 of the United States Code, Section 1404, establishes that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Such statute "is intended to place discretion in the district court to adjudicate motions for transfer of venue according to an 'individualized, case-by-case consideration of convenience

4

and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

In order to determine whether a § 1404 transfer of venue is appropriate, "a district court must make two inquires: (1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of justice and convenience of the parties and witnesses justify transfer to that forum." Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003). The second prong of § 1404(a) requires a court to afford deference to the plaintiff's chosen forum because under the "first-filed" rule a plaintiff "is ordinarily entitled to choose its forum." Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 (4th Cir. 1974). Therefore, unless the balance of factors weighs otherwise, the case "ought to be tried in the district court in which it was first filed." Id. However, an exception to the first-filed rule exists "when the balance of convenience favors the second action." Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 301-02 (4th Cir. 2001) (unpublished) (noting that while plaintiff's choice of forum is an important consideration, courts also disfavor races to the courthouse and forum shopping (citing Myles Lumber Co. v. CNA Financial Corp., 233 F.3d 821, 824 (4th Cir. 2000)).

In determining whether the convenience of the parties and witnesses, and the interest of justice, support transfer, the district court looks to four principal factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." Pragmatus AV, LLC v. Facebook, Inc., 769 F. Supp. 2d 991, 994-95 (E.D. Va. 2011) (quoting Heinz Kettler GmbH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010)). Ultimately, the burden of proof is on the movant to show "that transfer does more than merely 'shift the inconvenience to the other party.'" JTH Tax, Inc. v. Lee, 482 F. Supp. 2d 731, 736 (E.D. Va. 2007) (quoting DMP Corp. v. Fruehauf Corp., 617 F. Supp. 76, 77 (W.D.N.C. 1985)). "[T]he balance of convenience among the parties and witnesses [must weigh] strongly in favor of the forum to which transfer is sought." Nationwide Mut. Ins. Co. v. The Overlook, LLC, No. CIV. 4:10CV00069, 2010 WL 2520973, at *3 (E.D. Va. June 17, 2010) (emphasis in original) (quoting Nossen v. Hoy, 750 F. Supp. 740, 742 (E.D. Va. 1990)).

Finally, if the district court determines that transfer is not appropriate, it may enjoin further prosecution of a second-filed action in another court. Learning Network, 11 F. App'x at 301 (applying first-filed rule to allow the first-filed action to proceed and enjoining the second action); Allied-Gen. Nuclear

Servs. v. Commonwealth Edison Co., 675 F.2d 610, 611 (4th Cir. 1982) ("Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed." (citing Carbide & Carbon Chemicals Corp. v. United States Industrial Chemicals, Inc., 140 F.2d 47, 49 (4th Cir. 1944))); accord. City of N.Y. v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) (holding that, under the first-filed rule, the "first court has jurisdiction to enjoin the prosecution of the second action").

## III. DISCUSSION

Hopeman requests that the Court enjoin the New York action and allow the case to proceed in this Court, ECF No. 12, while Defendants requests that the Court transfer this case to the S.D.N.Y. so that it may be consolidated with the second-filed New York case, ECF No. 14. Defendants argue that this Court should transfer the case to the S.D.N.Y because it is the "more comprehensive action." Defs.' Opening Br. 4, ECF No. 15. According to Defendants, transfer would (1) prevent piecemeal litigation and potentially inconsistent rulings; (2) allow a New York court to resolve complex New York insurance coverage issues; and (3) protect all interested parties' interests. Defs.' Reply Br. 1, ECF No. 27. Hopeman argues that (1) enjoining the New York action from proceeding would prevent

7

piecemeal litigation and inconsistent rulings, (2) the Court should not make a decision based upon the potential applicability of New York law because until discovery is complete it is unclear whether New York law or Virginia law will apply, and (3) the interest of all parties' properly before the court may be protected in the instant litigation. See generally Pl.'s Resp. Br., ECF No. 25.

## A. Motion to Transfer

It is undisputed that the Virginia action was the first-filed case and the New York action was the second-filed case. The S.D.N.Y generally applies a "bright-line rule" to determine which court should resolve forum disputes such as this: "[t]he court before which the first-filed action was brought determines which forum will hear the case." Congregation Shearith Israel v. Congregation Jeshuat Israel, 983 F. Supp. 2d 420, 422 (S.D.N.Y. 2014) (internal citations omitted); see Notice of Related First-Filed Action, Continental Casualty Co. et al. v. Hopeman Brothers, Inc., No. 1:17-cv-00688 (S.D.N.Y. Feb. 9, 2017). Therefore, as the second-filed court routinely defers to the first-filed court to determine which court will hear the case, this Court will move forward with such analysis.

In order to determine whether transfer is appropriate, the Court must determine "(1) whether the claims might have been brought in the transferee forum, and (2) whether the interest of

8

justice and convenience of the parties and witnesses justify transfer to that forum." Koh, 250 F. Supp. 2d at 630. As a threshold matter, the Court finds that Hopeman could have brought its claim against Continental and Lexington in the S.D.N.Y. Similar to this Court, the S.D.N.Y possesses subject matter jurisdiction because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and there is complete diversity of citizenship between the parties. See Compl. ¶ 5. Hopeman does not contest Defendants' assertion that venue is proper in the S.D.N.Y. because the relevant insurance policies were issued to Hopeman while it had its principal place of business in New York. See Defs.' Opening Br. 5. Nor does Hopeman challenge Defendants' assertion that personal jurisdiction is proper in the S.D.N.Y. under N.Y. C.P.L.R § 302(a)(1) because Continental and Lexington transacted business in New York during the relevant time periods and continues to do so. Id. Therefore, the Court finds that Hopeman could properly have filed its claim in the S.D.N.Y.

The Court next determines whether transfer of the case is in the "interest of justice and convenience of the parties and witnesses." Koh, 250 F. Supp. 2d at 630. If the claims could have been brought in the transferee court initially, the decision to transfer venue is within the discretion of the court. One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.,

312 F. Supp. 2d 824, 828 (E.D. Va. 2004) (citing Verosol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 591 (E.D. Va. 1992)). In exercising this discretion, the Court considers multiple factors to determine whether to transfer venue, such as "'(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice.'" One Beacon Ins. Co., 312 F. Supp. 2d at 828 (quoting BHP Int'l Inv., Inc. v. OnLine Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000)). While all of the factors may be considered, the "[t]he principal factors to consider . . . are plaintiff's choice of forum, witness convenience, access to sources of proof, party convenience, and the interest of justice." Byerson v. Equifax Info. Servs., LLC, 467 F. Supp. 2d 627, 632 (E.D. Va. 2006) (quoting Samsung Elecs. Co v. Rambus, Inc., 386 F. Supp. 2d 708, 716 (E.D. Va. 2005)); see also Pragmatus, 769 F. Supp. 2d at 994-95 (summarizing the transfer factors as "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice").

## 1. Plaintiff's Choice of Forum

The Court first considers plaintiff's choice of forum. As the plaintiff, Hopeman chose to file this case in the Eastern District of Virginia. See generally Compl. The Court of Appeals for the Fourth Circuit has adopted the "first-filed" rule, in which the "first suit should have priority, absent the showing of balance of convenience in favor of the second action." Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 594-95 (4th Cir. 2004) (quoting Ellicott, 502 F.2d at 180 n.2). Thus, Plaintiff's choice of forum is given substantial weight in evaluating whether to transfer venue because "[i]t is well settled that a court should rarely disturb a plaintiff's choice of forum unless the balance of hardships clearly favor transfer...." Verizon Online Servs., Inc. v. Ralsky, 203 F. Supp. 2d 601, 623-24 (E.D. Va. 2002); see Heinz Kettler GmbH, 750 F. Supp. 2d at 667 ("[P]laintiff's choice of forum . . . is typically entitled to 'substantial weight,' especially where the chosen forum is the plaintiff's home forum or bears a substantial relation to the cause of action."); Koh, 250 F. Supp. 2d at 623 ("The initial choice of forum, from among those possible under the law, is a privilege given to the plaintiff."). However, "the greater the connection between a plaintiff's chosen forum and the plaintiff's cause of action, the more weight a court will give to the plaintiff's choice."

Agilent Techs., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 327 (E.D. Va. 2004); see GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999) ("[A] plaintiff's choice of its home forum is given more weight than its choice of a foreign forum.").

Defendants argues Plaintiff's choice should not be given substantial weight because the instant action "has so few ties" to this Court.[1]  Defs.' Opening Br. 11.  However, in both Hopeman's complaint and in its response brief, Hopeman explains that this action regards Defendants' obligation under the relevant insurance policies to indemnify Hopeman against asbestos-related lawsuits, of which over ten thousand lawsuits have been filed within the geographic area encompassed by this District.  Compl. ¶ 5; Pl.'s Resp. Br. 9 ("Virginia is also a major center of asbestos-related bodily injury lawsuits against Hopeman-11,565 cases through the end of January 2017, versus only 627 cases in New York during the same period.").  In addition to this District being the location of many of the relevant lawsuits, Hopeman is incorporated in Virginia and retains local counsel in Virginia in connection with these lawsuits.  Pl.'s Resp. Br. 9-10.  In light of (1) Hopeman's incorporation in Virginia, (2) the significant number of

---

[1] Defendants do not argue that venue is improper in the Eastern District of Virginia.

asbestos-related cases filed against Hopeman in this geographic area, (3) Hopeman's retention of local counsel related to the significant number of asbestos-related cases, and (4) that the cause of action in this case seeks to indemnify Hopeman for expenses related to these asbestos-related claims, the Court finds Hopeman's choice of forum is entitled to substantial weight because the chosen forum is significantly related to the cause of action.

Defendants also argue that the first-filed rule should not apply because Hopeman's complaint was an "improper anticipatory filing." Defs.' Opening Br. 8. Defendants represent that they declined to accept Hopeman's pending settlement offer on December 23, 2016, and the same day presented a counter-proposal to Hopeman. Id. Having been in settlement discussions since 2014, Hopeman represents that it decided to file suit after Defendants rejected the settlement offer on December 23, 2016. Pl.'s Opening Br. 5. As a result, Hopeman filed suit on December 27, 2016, requesting declaratory judgment and alleging breach of contract against Defendants. Compl. Prayer for Relief. 8. At the time that Hopeman filed its complaint, Defendants were "unaware that settlement discussions had broken down." Defs.' Opening Br. 8. Therefore, Defendants argue that Hopeman's filing constituted an anticipatory filing "in anticipation of Defendants filing in the more appropriate

jurisdiction, in New York State." Id. In response, Hopeman argues that, as the natural plaintiff, its "choice of a home state forum for its damages action is not improper forum shopping." Pl.'s Resp. Br. 16.

The Court observes that Hopeman, having asserted that Defendants are in breach of contract, is the "natural Plaintiff" because it is the party "who wishes to present a grievance for resolution by a court." Hyatt Int'l Corp. v. Coco, 302 F.3d 707, 718 (7th Cir. 2002). As the natural plaintiff, the Court cannot conclude that Hopeman's filing of the first cause of action was an "anticipatory filing." It is true that courts look with "disfavor" upon actions filed merely as an "improper act of forum shopping, or a race to the courthouse." Learning Network, 11 F. App'x at 301. However, an "improper anticipatory filing" occurs when a party files a lawsuit "under the apparent threat of a presumed adversary filing the mirror image of that suit in another court." Id. (quoting Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 557 (S.D.N.Y. 2000)). Here, Hopeman did not file the complaint under an "apparent threat" that Defendants were about to file litigation—in fact, Defendants do not represent that they were about to file litigation when Hopeman beat it to the courthouse, but rather admits that they were "unaware that settlement discussions had broken down." Defs.' Opening Br. 8. Thus, Hopeman's complaint

14

cannot be considered an improper anticipatory filing because it was not "made under the threat of imminent litigation." Learning Network, 11 F. App'x at 301. Moreover, and perhaps more importantly to note, Hopeman's complaint is not a "mirror image" of the New York suit because Hopeman alleges breach of contract and requests declaratory judgment and damages, VA Compl. Prayer for Relief, but the New York plaintiffs, not being natural plaintiffs, only request declaratory judgment, see generally Compl., Continental Casualty Co. et al. v. Hopeman Brothers, Inc., No. 1:17-cv-00688 (S.D.N.Y. 2017). Therefore, Hopeman's first-filed action is not an improper anticipatory filing, and Hopeman's choice of forum is entitled to substantial weight.

### 2. Convenience of Parties and Witnesses

Nevertheless, Hopeman's choice of forum is not controlling—the Court must evaluate whether an exception to the "first-filed" rule applies because a "balance of convenience favors the second action." Learning Network, 11 F. App'x at 301-02. Defendants do not argue that the "balance of convenience" favors transferring the case to New York, instead stating that the convenience of the parties and witnesses is a "neutral factor." Defs.' Opening Br. 12.

In weighing the balance of convenience, the Court specifically considers whether the "convenience of the parties"

15

and "witness convenience and access" weigh in favor of transfer. Pragmatus, 769 F. Supp. 2d at 994-95. As the parties requesting transfer, the burden of proof is on Defendants to show that the balance of convenience among parties and witnesses weighs "strongly in favor of the forum to which transfer is sought." Nationwide Mut. Ins., 2010 WL 2520973, at *3; JTH Tax, 482 F. Supp. 2d at 736. To assess convenience, courts must consider the "ease of access to sources of proof, the costs of obtaining witnesses, and the availability of compulsory process." Lycos, Inc. v. TiVo, Inc., 499 F. Supp. 2d 685, 693 (E.D. Va. 2007) (quoting Samsung, 386 F. Supp. 2d at 717 n.13). Defendants state that the convenience of the parties and witnesses "does not weigh against transfer," but "should be deemed a neutral factor." Defs.' Opening Br. 12. According to Defendants, "neither New York nor Virginia would be substantially more convenient a forum." Id. Defendants bear the burden of showing that convenience strongly favors transfer, and Defendants acknowledge that neither forum is more convenient than the other. Therefore, because Defendants have not met their burden to show that convenience weighs strongly in favor of transfer, the factors of convenience of the parties, and witness convenience and access, weigh against transfer.

### 3. Interest of Justice

Finally, the Court must evaluate whether transfer is in the "interest of justice." Pragmatus, 769 F. Supp. 2d at 994-95. While the above factors-plaintiff's choice of forum, parties' convenience, and witness convenience-weigh against transferring the case, Defendants argue that transfer is nevertheless appropriate because the "interest of justice strongly favors" transfer and the interest of justice "outweighs the other factors." Defs.' Opening Br. 5.

The interest of justice factor "encompasses public interest factors aimed at 'systemic integrity and fairness,' "with the most prominent considerations being "judicial economy and the avoidance of inconsistent judgments." Byerson, 467 F. Supp. 2d at 635 (quoting Samsung, 386 F. Supp. 2d at 721). In evaluating fairness, the Court assesses "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." Id.; accord. Bd. Of Trustees v. Baylor Heating & Air Conditioning, 702 F. Supp. 1253, 1260 (E.D. Va. 1988) (considering as factors: "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, and the

possibility of harassment"). "Litigation in the same court avoids duplicative litigation where one court has already invested 'substantial time and energy' in a case." CIVIX-DDI, LLC v. Loopnet, Inc., No. 2:12CV2, 2012 WL 3776688, at \*7 (E.D. Va. Aug. 30, 2012) (citing U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd., 357 F. Supp. 2d 924, 938 (E.D. Va. 2005)).

Defendants essentially argue that the interest of justice weighs decisively in favor of transfer as (1) transfer would better protect the rights of all interested parties because the New York litigation is "more comprehensive" than the Virginia litigation due to additional parties and additional legal issues, and (2) transfer would allow a New York court to resolve complex issues of New York insurance and contract law.[2] Defs.' Opening Br. 4; Defs.' Reply Br. 4-8, ECF No. 27.

In evaluating whether transfer would best protect the rights of all the parties, the Court evaluates the ability to join other parties to the Virginia action, Bd. Of Trustees, 702 F. Supp. at 1260, and what effect a ruling in the Virginia case would have, Samsung, 386 F. Supp. 2d at 721. Here, neither party briefed whether the additional issues and parties from the

[2] Defendants' remaining arguments advocate that only one court should hear the claims between Continental, Lexington, and Hopeman in order to prevent duplicative litigation and inconsistent results. The parties agree that duplicative cases should not simultaneously proceed in different courts, though Hopeman requests that the New York case be enjoined pending the disposition of this case, while Continental and Lexington request that this case be transferred to the S.D.N.Y. to be consolidated with the New York case.

18

New York action could be joined in the Virginia action, and thus the Court makes no finding on this issue. However, in evaluating what effect a ruling in the Virginia case would have on the ultimate disposition of the New York case, assuming that resolution of the dispute between Hopeman, Continental, and Lexington in New York was enjoined pending disposition of the Virginia case, res judicata would prevent any inconsistent judgment on the same issues between the same parties. See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002) ("Under res judicata principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication."). Thus, if the "legal and factual issues common to both actions . . . were 'actually and necessarily determined'" in the Virginia case, the Virginia case would ostensibly have a preclusive effect on subsequent litigation over the same insurance policies between Continental, Lexington, and Hopeman in the New York case, and would thereby prevent duplicative litigation. Orca Yachts, 287 F.3d at 318.

Next, the Court considers its familiarity with the applicable law. Bd. Of Trustees, 702 F. Supp. at 1260. Defendants argue that a New York court will be better able to interpret the applicable law, which Defendants assume will be New York insurance and contract law. Defs.' Opening Br. 8.

However, Hopeman points out that while "New York law may ultimately be applicable[,] . . . it is by no means clear based solely on the addresses listed in the policies attached to Hopeman's Complaint." Pl.'s Resp. Br. 14-15. Under Virginia conflict of laws rules,[3] in evaluating a contract, such as the insurance policies at issue here, a court applies the law where the "last act" of contracting occurred. Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635-36 (4th Cir. 2005) ("Under Virginia law, a contract is made when the last act to complete it is performed, and in the context of an insurance policy, the last act is the delivery of the policy to the insured." (quoting Seabulk Offshore, Ltd. v. Am. Home Assur. Co., 377 F.3d 408, 419 (4th Cir. 2004))). According to Hopeman,

---

[3] As the jurisdiction where the complaint was filed first, Virginia conflict of laws rules apply to the first-filed action regardless of which court ultimately hears the case. See Van Dusen, 376 U.S. at 639 ("[T]he transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue. A change of venue under §1404(a) generally should be, with respect to state law, but a change of courtrooms."). However, as pointed out by Hopeman, Pl.'s Resp. Br. 15, in the second-filed action—under New York's conflict of interest laws—the S.D.N.Y. might be obligated to apply Virginia law to the case. New York applies the law of the state with the "most significant relationship to the transaction and the parties," and in the context of insurance contracts, the court looks to the "principal location of the insured risk." Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp., 36 A.D.3d 17, 21 (2006), aff'd, 876 N.E.2d 500 (2007). In situations in which the "'principal location of the insured risk' is unclear because the insured risks are equally spread across many states, New York courts generally substitute the 'principal location of the insured risk' with the insured's domicile," which here would be Virginia, as Hopeman's state of incorporation. Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011) (quoting Foster Wheeler, 36 A.D.3d at 21). Thus, in the second-filed action, New York's conflict of laws rule might require that the New York court apply Virginia law, thereby undermining Defendants' argument in favor of the overall case being resolved in New York in order for a New York court to evaluate New York law.

20

"[i]t is not certain on the current record that the 'last act' of contracting occurred in New York for New York law to apply in this Court," because identifying when and where the "last act" occurred is an issue for discovery. Pl.'s Resp. Br. 15. Because it appears that there is dispute about when and where the "last act" occurred in forming the contract, and because the Court is able to apply the law of New York should New York law be applicable, the Court does not find that familiarity with the applicable law weighs in favor of transfer to the S.D.N.Y.

Finally, the Court observes that the interest of justice weighs in favor of transfer when one court has already invested substantial time and energy into the case, CIVIX-DDI, 2012 WL 3776688, at *7 (citing U.S. Ship Mgmt., 357 F. Supp. 2d at 938), because "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983) (discussing priority of first-filed action in the context of the Colorado River abstention doctrine). Here, however, both cases were filed within days of one another and neither case has substantively progressed because in both cases the parties await resolution of the pending motion to transfer and pending motion to enjoin.

As explained above, each factor is either neutral or weighs against transfer of this case to the S.D.N.Y. Plaintiff Hopeman chose this Court as the forum to file its case, and this decision is given substantial weight. Heinz Kettler GmbH, 750 F. Supp. 2d at 667. Absent Defendants showing that the convenience of the parties strongly favors transfer, Nationwide Mut. Ins., 2010 WL 2520973, at *3, and that the interest of justice justifies the transfer, Byerson, 467 F. Supp. 2d at 635, this Court declines to deny to the plaintiff its choice of forum. The Court therefore **DENIES** Defendants' Motion to Transfer Venue.

## B. Motion to Enjoin Second-Filed Action

Having declined to transfer this case to the S.D.N.Y., the Court now determines whether it is appropriate to enjoin the second-filed action currently pending in the S.D.N.Y. Hopeman requests that the Court enjoin the second-filed action because the first-filed rule applies. Pl.'s Opening Br. 21-22. According to Hopeman, the parties agree that the New York action and Virginia action are "parallel," and as such only one should proceed to the exclusion of the other. Pl.'s Reply Br. 1. Additionally, Hopeman argues that Defendants are engaging in "various forms of procedural gamesmanship," such as arguing that the New York action should be chosen to proceed because that action includes additional plaintiffs, but simultaneously

arguing that the Court should not consider whether the additional plaintiffs actually have the ability to litigate their claims or must instead take their claims to arbitration. Id. at 2. Finally, Hopeman states that "there is no dispute that the first-filed rule applies even where the parties to the lawsuits are not identical," such as the situation here. Id. at 3.

In response, Defendants argue that while both cases involve some of the same factual issues, the New York case includes additional plaintiffs (the "Certain London Market Insurance Companies") together with related insurance policies. Def.'s Resp. Br. 1. According to Defendants, allowing the Virginia case to proceed will either force Defendants to litigate their claims against Hopeman without the benefit of being co-Plaintiffs with the additional plaintiffs in the New York case— if that case proceeds without Continental and Lexington—or, if the Court enjoins the New York case completely, force the New York co-plaintiffs to await the adjudication of the Virginia case before proceeding in their case against Hopeman. Id. at 4-5. Defendants argue that both options are "contrary to the interest of justice" because the first option would "severely prejudice" Defendants while the second option would impermissibly delay justice to the additional New York co-plaintiffs. Id.

When a district court determines that transfer is not appropriate, under the first-filed rule, the court may enjoin further prosecution of a second-filed action in another court in order to avoid duplicative litigation.[4] Learning Network, 11 F. App'x at 301; Allied-Gen., 675 F.2d at 611; accord. Exxon Corp., 932 F.2d at 1025; see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). Generally, duplicative litigation occurs when "the parties, issues and available relief do not significantly differ between the two." Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) (unpublished table decision). However, "[f]or purposes of the first-to-file rule, the actions being assessed need not be identical if there is substantial overlap with respect to the issues and parties." Byerson, 467 F. Supp. 2d at 635-36; see Meeropol v. Nizer, 505 F.2d 232, 235 (2d Cir. 1974) ("Where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal

---

[4] The traditional four-factor test for issuing a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 requires a plaintiff to establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of the injunction, (3) the balance of the equities tips in its favor, and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). However, once courts determine that the first-filed rule applies, "courts have not imposed the traditional four-factor standard when deciding whether a preliminary injunction should issue." Safety Nat. Cas. Corp. v. U.S. Dep't of Homeland Sec., No. H-05-CV-2159, 2010 WL 5419043, at *4 (S.D. Tex. Dec. 23, 2010).

court, the first court has jurisdiction to enjoin the prosecution of the second action. This rule is applicable even where the parties in the two actions are not identical." (internal citations omitted)); see also Ellicott, 502 F.2d at 180 n.2 (observing that the Fourth Circuit has adopted the Second Circuit's first-filed rule). While the determination of whether a district court should enjoin a second-filed action is an "equitable determination that is made on a case-by-case, discretionary basis," courts have considered three factors: "1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake." Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003).

As the Court explained above in evaluating whether transfer of the Virginia case to New York was appropriate, the Virginia case was the first-filed action, and the Court did not find that any exception justified denying Hopeman its choice of forum. See supra Part III.A. Having retained jurisdiction over the Virginia case, the Court now decides whether to enjoin the parties from prosecution of the second-filed action in New York. The Court may enjoin the New York action in its entirety if it finds that "the parties, issues and available relief do not significantly differ between [both cases]," Cottle, 229 F.3d at 1142, or alternatively, may enjoin only the Virginia defendants,

Continental and Lexington,[5] from prosecuting their case against Hopeman, Fed. R. Civ. P. 65 (d)(2) (noting that a court may enjoin parties).  Here, three of the parties are the same in both cases: Hopeman, Continental, and Lexington.  However, as has been repeatedly argued by Continental and Lexington, the New York action includes the additional Certain London Market Insurance Companies (the "New York co-plaintiffs").  Next, the legal issues between Hopeman, Continental, and Lexington are based upon the same alleged facts in both cases, and include a declaratory judgment action in both cases, but only include a claim for breach of contract in the Virginia action.  In contrast, based upon the limited documentation currently before the Court, the legal issues between Hopeman and the New York co-plaintiffs appear to be based on insurance policies between Hopeman and the New York co-plaintiffs and include issues related to the 1985 "Agreement Concerning Asbestos-Related Claims" (the "Wellington Agreement"), to which eight of the nine New York co-plaintiffs are signatories.  Pls.' Resp. 2, Continental Casualty Co. et al. v. Hopeman Brothers, Inc., No. 1:17-cv-00688 (S.D.N.Y. Feb. 22, 2017).  While a declaratory judgment regarding each co-plaintiff's liability on its individual insurance policy with Hopeman may present similar

---

[5] Subject to the applicable Federal Rules of Civil Procedure and Local Rules, the New York co-plaintiffs may choose to join the Virginia case.  See Fed. R. Civ. P. 19 & 20.

legal and factual issues to the Virginia action, because the co-plaintiffs and underlying insurance policies are unique to the New York action, the parties have not demonstrated that the issues "do not significantly differ." Cottle, 229 F.3d at 1142 (finding that two cases were not duplicative when the complaints named different defendants even though the cases raised similar issues and sought similar remedies).

In summary, it appears that as between Hopeman, Continental, and Lexington, the parties and legal issues contested are virtually identical between both cases. To allow a second action to proceed between the same parties litigating the same legal and factual issues would constitute duplicative litigation, and therefore the Court **GRANTS** Hopeman's Motion to Enjoin Continental and Lexington from prosecuting the second-filed action, pending disposition of the case before this Court. However, based upon the documentation before the Court, it appears that as between Hopeman and the New York co-plaintiffs the parties and legal issues contested involve unique parties and are based on different insurance policies than in the Virginia case. Therefore, because of the unique parties and different legal and factual issues between Hopeman and the New York co-plaintiffs, the Court **DENIES** the Motion to Enjoin the Second-Filed Action with respect to the New York co-plaintiffs, and leaves to the S.D.N.Y. the question of how to best proceed.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Transfer Venue to the Southern District of New York is **DENIED**, ECF No. 14, and Hopeman's Motion to Enjoin Continental and Lexington from prosecuting the second-filed action in the Southern District of New York, is **GRANTED**, but Hopeman's Motion to Enjoin the Second-Filed Action with respect to the New York co-plaintiffs is **DENIED**, ECF No. 12. Having decided the Motion to Transfer and Motion to Enjoin, the Court **GRANTS** Defendants' Motion for Extension of Time to File Answer, and **DIRECTS** Defendants to file a responsive pleading or motion within fourteen days. ECF No. 17.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to counsel for Plaintiff and to counsel for Defendants.

**IT IS SO ORDERED.**

/s/ _Mark S. Davis_

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 17 , 2017